# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| NATHAN DEON JONES, | * | |
| | * | |
| Petitioner, | * | CASE NO. 6:08-CV-90004 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | * | CASE NO. 6: 05-CR-00007 HL |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

      On March 16, 2005, a two-count Indictment was returned in this Court charging Petitioner Nathan Deon Jones with Conspiracy to Possess With Intent To Distribute 5 Grams or More of Cocaine Base and Possession With Intent To Distribute Cocaine, both in violation of 21 U.S.C. § 841(a)(1). (R-1). Attorney John Phillip Cannon entered his Notice of Appearance on behalf of Petitioner Jones on May 4, 2005. (R-4). After numerous Pre-Trial Motions and pleadings, Petitioner Jones entered into a Plea Agreement with the Government and pleaded Guilty to Count I of the Indictment. (R- 17 -19). After preparation and consideration of a Pre-Sentence Investigation reported to the Court, Jones was sentenced to a term of 235 months imprisonment on December 15, 2005. (R-35). He appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which Affirmed the conviction and sentence on March 23, 2007. (R-45). On January 15, 2008, Petitioner Jones timely filed his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 with Memorandum Brief. (R-46, 47).

# Petitioner's § 2255 Claims

As **Ground One,** Petitioner Jones states:

> Movant Jones asserts that his guilty plea is invalid because same was entered unknowingly, involuntarily, unintelligent(ly) and without the advice of competent counsel. Further, the Court did not strictly comply with Fed.R.Crim.P. 11 when taking the Plea and denying Jones' request to withdraw the Plea. The facts and law supporting the foregoing in the attached Memorandum at Ground One is incorporated herein by reference as though set forth in full herein and made part hereof.

## Conclusions of Fact and Law

Petitioner Jones states at ¶ 13 of his § 2255 Motion (R-46 at 11) that, "The claim asserted in Ground One was raised in a pro se brief on appeal, but Counsel's motion to withdraw was granted." In its Judgment of April 20, 2007, the United States Court of Appeals for the Eleventh Circuit ruled:

> Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Jones's conviction and sentence is AFFIRMED.

(R-45). Petitioner Jones's Ground One claim having been raised before the Eleventh Circuit Court of Appeals, and reviewed independently on the entire record by the Court, may not be raised again here in this Court. The Eleventh Circuit Court of Appeals held in *United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000):

> The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v Natelli,* 553 F.2d 5, 7 (2nd Cir. 1997).

Petitioner's initial Ground One claim is not an arguable issue of merit as found by the United States Court of Appeals for the Eleventh Circuit on direct appeal. Nonetheless, Petitioner Jones repeats the same claims throughout his Motion.

In his **Ground One [A],** Petitioner Jones asserts that the waiver of appeal provision contained in his Plea Agreement was unknowing and involuntary. His **Ground One [B]** asserts that Jones did not understand the nature of the charge to which he pleaded guilty. His **Ground One [C]** asserts that Jones did not know and understand the consequences of his guilty plea. His **Ground One [D]** asserts that his guilty plea was coerced. His **Ground One [E]** asserts that his plea was not entered with the advice of competent counsel. His **Ground One [F]** asserts that the Court did not properly assess Jones's oral motion to withdraw his guilty plea pursuant to Federal Rule of Civil Procedure 11(d). His **Ground One [G]** asserts that there is no factual basis for the guilty plea. His **Ground One [H]** asserts that Jones is entitled to the withdrawal of his guilty plea in these proceedings. All of these contentions are reversals of Petitioner Jones's positions taken in his Plea Agreement (R-17) and in his sworn testimony before the Court at his Change of Plea Hearing (R-42), and will be discussed collectively with the remainder of his claims which are all interrelated.

In his **Ground Two**, Petitioner Jones alleges a denial of effective assistance of counsel and refers to his Memorandum for supporting facts and argument. In his Memorandum (R-47 at 16, 17), Petitioner Jones sets out the first of his three-part claim of ineffective assistance of counsel, stating that he entered into a Plea Agreement which provided for him to plead guilty to Count One of the Indictment "in exchange for a sentence without application of any enhancements." *Id.* at 16. This language is contained nowhere

3

in Petitioner's Plea Agreement . See specifically, Section (4) where the Government states what it is bound to do in exchange for Petitioner's guilty plea.

Jones continues, stating that after the plea negotiations, he told his attorney that he was not guilty of the possession of cocaine base with intent to distribute but mere possession and requested that counsel seek an amendment to the Plea Agreement, which counsel was unable to do. Jones further states that, following the presentation of the PSI, he learned "that he had been enhanced under the Federal Sentencing Guidelines." *Id.* This **Ground Two [A]** claim of ineffective assistance of counsel is summarized by Jones as follows:

> Counsel, in this case, failed to advise Jones of the various types of enhancements which may apply under the statute as well as the guidelines. Counsel further failed to investigate and advise Jones that he qualified for enhancement under the guidelines. Counsel further erroneously advised Jones that he would be sentenced from 70- 87 months.

*Id.* Petitioner Jones refers to his Exhibits B, D, and E, which are, respectively: a copy of the Sentencing transcript of December 15, 2005 (R-35); a purported Declaration of Raymon A. Higgs disparaging Attorney Cannon, which is not however signed by Mr. Higgs, but rather is signed by Petitioner Jones himself; and, a holographic, unsworn "affidavit" by Petitioner's Jones mother. Obviously, Petitioner's Exhibits D and E have no evidentiary value and should not be considered. 28 U.S.C. § 1746.

Petitioner Jones's claims here all relate to the time period following his entry into the Plea Agreement with the Government. (R-17). Petitioner's Plea Agreement, at Section (3)(A), provided that Petitioner Jones knowingly and voluntarily acknowledged his guilt as charged in Count One of the Indictment. At Section (3)(B), Jones acknowledged that he fully understood that his guilty plea would subject him to a statutorily mandated sentence

4

between five (5) years and forty (40) year imprisonment. At Section (3)(C), Petitioner Jones acknowledged that the Court was not bound by any estimated sentencing range made to him by anyone, specifically including the Government, his attorney, or the Probation Office, and that if the Court determined a different advisory guideline range, he would not be allowed to withdraw his guilty plea.

In his **Ground Two [B]** claim, Petitioner Jones alleges that his counsel abandoned him in Petitioner's efforts to withdraw his guilty plea during sentencing. Jones infers that counsel failed to speak on his behalf in regard to withdrawing his guilty plea. In his **Ground Two [C]** claim, Petitioner Jones asserts that his "trial counsel was ineffective for failing to object to the courts assessment and ruling on Jones's Motion To Withdraw His Guilty Plea." (R-47 at 18). Jones asserts that his oral motion to withdraw his guilty plea should have been assessed under Rule 11(d), because the district court had not accepted the plea nor imposed sentence upon Jones. Thus, Jones contends that the court was required to permit the withdrawal of the guilty plea based on "any reason" given by Jones or "no reason" at all. F.R.Cr.P. 11(d). These claims are repetitive of Jones's **Ground One [F], [G], and [H].**

## Conclusion of Fact and Law

Petitioner Jones attached a partial copy of his Change of Plea hearing transcript (R-42) to his Memorandum in support of his Motion To Vacate, Set Aside, or Correct his Sentence as his Exhibit A, omitting pages 15 and 16. Noteably, beginning on page 14 and continuing through the omitted pages 15 and 16, the following colloquy between the Court, Petitioner Jones, and his Attorney occurred:

> THE COURT: . . . Under the terms of this plea agreement, you are giving up your right to appeal the sentence you receive in

5

> this case except on two grounds. The first ground is ineffective assistance of counsel. The other ground would be a sentence imposed by the Court in excess of the guideline range calculated under the Federal Sentencing Guidelines in your case. Do you understand?
>
> THE DEFENDANT: Yes, sir. . . .
>
> THE COURT: I want to advise you that you cannot rely on any estimate made by anyone as to what your sentence may be in this case, and that you must not enter a plea of guilty in reliance on such an estimate. Do you understand that?
>
> THE DEFENDANT: Yes, sir. . . .
>
> THE COURT: I find that there is a factual basis for the plea, that Mr. Jones is, in fact, guilty, and that the plea will be freely and voluntarily entered. Let it be entered.
>
> MR. LENNARD: The plea has been entered, Your Honor.
>
> THE COURT: All right, Mr. Jones, you will come back in about 60 days for sentencing. During that time the probation office will do an investigation and file a pre-sentence report, and you are directed to cooperate with the probation officials in whatever way they may request. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

It is abundantly clear that the Court accepted Petitioner Jones guilty plea to Count One of the Indictment on August 31, 2005, at the above referenced Changed of Plea hearing and by implication, Petitioner's Plea Agreement as well. (R-42). Jones did not move to withdraw his guilty plea until December 15, 2005, at his Sentencing hearing, during his objections to the PSI reported to the Court. At that time, Petitioner's Attorney stated to the Court:

> The last thing, Your Honor, is that Mr. Jones at this point wishes to withdraw his plea, and frankly I get caught in the middle on this one a little bit, Your Honor, I hope the Court understands.

6

(R-35 at 4 ). Attorney Cannon continued with a lengthy attempt to explain what Petitioner Jones must have thought when he entered his Plea Agreement with the Government, knowing that the Plea Agreement not only stated that it was binding between Petitioner Jones and the Government, but also contained several references to the fact that Jones would not be allowed to withdraw his guilty plea once made to the court. That was the dilemma Attorney Cannon found himself in as a result of Petitioner Jones attempt to withdraw his guilty plea. Petitioner Jones's claim that Attorney Cannon abandoned him in his efforts to withdraw his plea is frivolous in face of the negotiated Plea Agreement to which Jones was bound.

Jones's assertion that his oral motion to withdraw his guilty plea should have allowed because the district court had not accepted the plea, has been show above to be factually incorrect. As shown from the Change of Plea transcript, the Court accepted Petitioner's guilty plea on August 31, 2005. (R-42 at 15). Moreover, Petitioner's contention that the Court should have allowed the withdrawal of his guilty plea under Rule 11(d) is a misinterpretation of the Rule. F.R.Cr.P. 11(d), which provides:

> A defendant may withdraw a plea of guilty or nolo contendre;
> (1) *before* the court accepts the plea for any reason or not reason; or
> (2) after the court accepts the plea, but before it imposes sentence *if*:
>   (A) the court *rejects* a plea agreement under Rule 11(c)(5); or
>   (B) the defendant can show a fair and just reason for requesting the withdrawal.

Petitioner Jones moved to withdraw his guilty plea on December 15, 2005, three and one-half months after the Court had accepted his guilty plea on August 31, 2005, as demonstrated above. Furthermore, Rule 11(d) provides that the Court must *reject* the plea agreement under specified circumstances, not prevelant here, to allow Petitioner to withdraw his guilty plea. The Court never rejected Petitioner's Plea Agreement. To the contrary, the

7

Plea Agreement was tacitly accepted by the Court before sentencing, as demonstrated by the Courts admonitions to Petitioner Jones at sentencing on December 15, 2005, at pages 9-11 of the Sentencing transcript (R-35), as follows:

> THE COURT: Well, let me tell you two or three things if I may. First of all, you are using the word "enhancement" loosely. The United States Attorney might have been able to move the Court for an enhancement under certain laws if you had done other things or failed to do other things. The calculation of the mandatory recommended guideline range in this case, which includes a determination that you are a career offender is not technically an enhancement. That's the first thing I would say to you.
>
> The second thing is this. What you are asking me to do in allowing you to withdraw your plea just presupposes that everything that has been done in this case up until today is sort of a charade or a joke. It presupposes that you are entitled to come before the Court and make certain statements and certain assertions to the Court and answer certain questions under oath with the idea that if things don't work out like you want them to do down the line that you can come back and in effect say to the Court, Judge, I did say those things, but I had my fingers crossed behind my back. It just doesn't work that way.
>
> You came to court, you appeared before me, and you entered a plea of guilty. There is a written plea agreement that sets forth what you did and what you agreed to. I mean, it's like a note at the bank; that's it, that the contract.
>
> Among other things, when I discussed the entry of your plea of guilty with you I had you put under oath and you swore to tell the truth in that proceeding and I told you that if you did not tell the truth in that proceeding that you would be subject to a penalty of perjury.
>
> You are now telling me you did not tell the truth in that proceeding. The plea agreement, which I went over with you in detail and had the United States Attorney read pertinent portions of it, that is to say, what you agreed that you did into the record is a matter of record. You heard that. I asked you if that were true. You said it was true.
>
> I said, does this describe what you did in this case. You said, yes, Judge, this is what I did in this case. I asked you if you understood the plea agreement. You said you did. I asked you if you understood the possible range of penalty in this case.

> You said you did.
>
> I asked you if you talked to your lawyer, if you were satisfied with your lawyer. You said you had and you were. All of those things you said under oath. . . .
>
> And the final thing I asked you was, I said, have you and Mr.Cannon tried to figure out about what your sentence is going to be in this case. And you said, we have. And I said, Mr. Jones, I'm telling you now that it's possible that this presentence report is going to show things about you that you don't now know, and for that reason you cannot rely on anybody's estimate of what your sentence may be in this case, and you ought not to enter a plea of guilty to this charge on that basis. You said you understood that.
>
> For all of those reasons I think you are for foreclosed from making the request that you made to me this morning.

Petitioner Jones has not shown that the Court violated any part of Federal Rule of Civil Procedure 11(d). Jones did not move to withdraw his guilty plea before the Court accepted it. The Court did not reject the plea agreement to allow Petitioner to withdraw his guilty plea before he was sentenced, and Jones has not shown a fair and just reason for requesting the withdrawal. The record speaks the truth regarding each of these circumstances.

In his **Ground One [D],** Petitioner Jones contends that his guilty plea was coerced by the Government's "agreeing not to seek any enhancements, without specifying that the agreement was in reference to statutory enhancement." (R-47 at 9). As stated heretofore, no such language or agreement is contained in Petitioner's Plea Agreement . (R-17). Jones also asserts in this claim that, "Trial counsel coerced the guilty plea by failing to fully advise Jones as to the difference between a statutory enhancement and a guideline enhancement." In his closely related **Ground One [E],** Petitioner Jones alleges that his plea was not entered with the advice of competent counsel. He states:

9

> Trial counsel misadvised Jones as to the full significance of the waiver of right of appeal provision in the plea agreement, misadvised Jones as to the difference between a statutory enhancement and a guideline enhancement, where a complete understanding of both was material to Jones's decision whether to plead guilty or proceed to trial, and misadvised Jones' as to the possible sentencing penalties.

## Conclusions of Fact and Law

The Count I charge of the Indictment to which Petitioner Jones pleaded guilty, and to which he stipulated in his Plea Agreement as well as to the Court at his Change of Plea hearing, reads that:

> On or about January 24, 2005, jail administrators at the Brooks County Jail were advised by an inmate on a work detail that a black male working with the Florida Fence and Deck Company at the Brooks County Jail had approached him and asked him if he wanted to buy some cocaine. The inmate advised that the person showed him the cocaine, and it was in his left shirt pocket. The inmate pointed out the individual who committed this offense, and it was the Defendant Nathan Deon Jones. Upon confronting Jones, the officers asked him if he had anything illegal on him. He said, no, and began to voluntarily remove the contents from his pockets. One of the officers noticed a bulge in his shirt pocket and asked him what was in that pocket and pointed at it. Jones struck the officer's hand in an attempt to move it away from his pocket. The officers attempted to gain control of Jones and he resisted. Upon gaining control of Jones, the officers conducted a search incident to the arrest and located 8.72 grams of cocaine and 6.12 grams of cocaine base.

(R-47 at 11). Jones acknowledged to the Court at his Change of Plea hearing that the stipulation did "truly describe what took place in his case" and did "truly describe" his conduct. *Id.* at 12. He should not be heard to contend otherwise at this late date.

Title 21, U.S.C. § 841(b)(1)(B)(iii), applicable to Jones's offense conduct, provides

10

that he was subject to a term of imprisonment of not less than 5 years and not more than 40 years, and further provides that, "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." *Id.*

Petitioner Jones knew at all times what his prior felony record was. At page 8 of his Sentencing hearing (R-35), Petitioner Jones states to the Court:

> Your Honor, I have two prior adult convictions, both are felonies, but one occurred at the age of 16. Although I committed that crime, I ask that you take into consideration that I was only 16 years old when that crime was committed and make a decision if the career offender should apply.

Whether Jones had previously confided his criminal history to his attorney is not shown in the record and Petitioner does allege that he did. However, the fact that he did have a prior felony record, which invoked the mandatory 10 years to life imprisonment penalty of 21 U.S.C. § 841(B)(1)(B)(iii), became evident to all when the Pre-Sentence Investigation report was made to the Court. The PSI reported that Petitioner's prior felony convictions also qualified him for Career Offender status pursuant to U.S.S.G. § 4B1.1, raising his guideline sentencing range to 10 years to life imprisonment. However, the Career Offender status effected no change in the statutory sentencing range. Thus there was no enhancement applied to Petitioner's sentence for the offense he had committed. He had prior felony convictions which invoked the heightened statutory penalty of 21 U.S.C. § 841(B)(1)(B)(iii). There was no change in his sentencing range just because he was, at the same time, a career offender per the guideline provisions of U.S.S.G. § 4B1.1. The most

11

relevant thing about Petitioner's criminal status is that there was nothing anyone could do to change it. It was what it was – an established fact, which could not be altered by the Court, the Government, or Petitioner's Counsel.

Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984). To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984): (1) Petitioner must show that his counsel's representation was deficient; and (2) Petitioner must show that this deficient representation prejudiced Petitioner. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2952 (1984). *See Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same; the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

In the face of Petitioner's prior criminal history, which no one could change, and the

overwhelming evidence of his guilt in the present drug offense, Petitioner Jones cannot show that the result of his case would have had any different result had his counsel done anything differently. This is a case where the outcome of Petitioner's prosecution appears to have been predetermined from the time of his arrest, and there was nothing his counsel could have done to change it. Petitioner Jones has not shown that his counsel's conduct was deficient, nor that the outcome of his case could have been different. He has shown no prejudice. There is no merit in either of Petitioner's Grounds One or Two, nor in any of their subparts.

Petitioner Jones asserts ineffective assistance of counsel on his direct appeal as his **Ground Three.** Jones states that :

> Counsel was ineffective for failing to raise the following issues on direct appeal:
> [1] That the guilty plea was invalid;
> [2] That Jones was entitled to withdrawal of the guilty plea;
> [3] That the guilty plea was never accepted by the court;
> [4] That the district court's assessment and resolution of Jones's oral motion to withdraw the guilty plea was erroneous as a matter of law;
> [5] That the quiltly plea was unknowingly, involuntarily, and unintelligently entered;
> [6] That the guilty plea was entered without the advice of competent counsel; and
> [7] That the guilty plea was without any factual basis, as same was never entered.

All of Petitioner's Ground Three issues suggested for counsel to have raised on direct appeal have heretofore been shown to be factually and legally without merit. More so, in view of the ruling of the United States Court of Appeals for the Eleventh Circuit that Petitioner's Counsel had cause to be excused from Petitioner's appeal on an *Ander's* Motion, and upon the finding of the Court, that its own independent review of the entire record revealed no arguable issues of merit (R-45), Petitioner's Ground Three is frivolous.

Petitioner Jones asserts, as his **Ground Four,** that an evidentiary hearing is required.

13

However, a petitioner is not entitled to an evidentiary hearing when the files and records make manifest the lack of merit of a Section 2255 claim. *United States v. Lagrone,* 727 F.2d 1037 (11th Cir. 1984). A hearing is not required on barred or patently frivolous claims. *McCleskey v. Zant,* 499 U. S. 467, 494 (1991); *Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989). A hearing is not required when the allegations of fact supporting petitioner's claims are conclusory and not supported by the record, demonstrably without merit, that is "affirmatively contradicted" by the files and record, or wholly incredible. *See, Blackledge v. Allison,* 431 U. S. 63, 73-74 (1977); *United States v. Laetividal-Gonzalez,* 939 F.2d 1455, 1465 (11th Cir. 1991), *cert. denied,* 503 U.S. 912 (1992); *Humphrey v. United States,* 888 F.2d 1546 (11th Cir. 1989). Petitioner Jones has not alleged facts or issues that cannot be resolved from an examination of the record. An evidentiary hearing on Petitioner's Motion is, therefore, neither required nor warranted.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Jones Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED and DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 23rd day of July 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE