IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **NATHAN DEON JONES,** | : | |
| | : | |
| v. | : | CASE NO. 6:08-CV-90004 (HL) |
| | : | 28 U.S.C. § 2255 |
| **UNITED STATES OF AMERICA** | : | CASE NO. 6:05-CR-00007 (WLS) |

## ORDER

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Doc. 52). The R&R recommends denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection and has made a de novo determination of the portion of the R&R to which Petitioner objects. For the reasons set forth below, the Court rejects in part and accepts in part the Magistrate Judge's recommendation that Petitioner's § 2255 Motion be denied.

**I. Background**

Petitioner Jones was indicted on March 16, 2005 for one count of possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(B)(iii) and one count of

possession with intent to distribute a Schedule II controlled substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).  Petitioner entered into a written plea agreement with the United States on August 31, 2005 in which he acknowledged that he "is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the indictment." (Plea Agreement 2-3).

The agreement stated that Petitioner was subject to imprisonment for a mandatory minimum of 60 months up to a maximum of 480 months.  Petitioner further acknowledged that he understood that he could not rely on any estimate of the advisory sentencing range, and that he would not be allowed to withdraw his plea in the event that the estimated guideline range is different from a range found to be correct by the Court after consideration of the Pre-sentence Report ("PSR").  At the change of plea hearing, Petitioner agreed that he and his counsel, Phillip Cannon, discussed the Federal Sentencing Guidelines, and that Petitioner was satisfied with his services.

After he entered his plea, the U.S. Probation Office prepared the PSR.  The PSR determined that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1, subjecting him to an advisory guideline range of 188 to 235 months.  When Petitioner learned that his status as a career offender would increase the length of his advisory guideline range, Petitioner's attorney informed the Court that he wanted to withdraw his plea. (Sentencing Tr. 4.)  Petitioner asserted that

he would not have pled guilty had he understood that a classification as a career offender would have required a longer sentence. (*Id.*)

At the sentencing hearing on December 15, 2005, Petitioner explained to the Court, "I was told that if I signed the plea agreement I would not receive an enhancement, and by not receiving the enhancement I was looking at 70 to 87 months. (*Id.* 8.) Petitioner further stated that he "did not sign the plea agreement because I was guilty of a crime but because I was led to believe I would not be enhanced." (*Id.* 8.)

The Court responded that Petitioner was "using the word 'enhancement' loosely" and that "the calculation of the mandatory recommended guideline range in this case, which includes a determination that you are a career offender, is not technically an enhancement." (*Id.* 9.) Petitioner's sentencing range was increased because his prior felony convictions invoked the heightened statutory penalty of 21 U.S.C. § 841(B)(1)(B)(iii). Furthermore, the Court noted that when Petitioner entered his guilty plea, he acknowledged that he understood he should not rely on any estimate of his sentence and should not enter a guilty plea based on an that estimate. (*Id.* 11.)

Thereafter, the Court denied Petitioner's request to withdraw his guilty plea, accepted the PSR, adjudicated Petitioner guilty of Count One and sentenced him to 235 months imprisonment. Petitioner's conviction and sentence were upheld

on appeal to the United States Court of Appeals for the Eleventh Circuit.

On January 15, 2008, Petitioner filed this timely Motion to Vacate Under 28 U.S.C. § 2255. In his § 2255 Motion, Petitioner makes four claims. First, Petitioner alleges that his guilty plea was entered unknowingly, involuntarily, unintelligently and without the advice of competent counsel and is thus invalid. Second, Petitioner alleges that attorney Cannon rendered ineffective assistance of counsel during plea negotiations by failing to investigate whether his criminal history would qualify him for a sentence lengthier than the estimate and providing an inaccurate estimate of his possible sentence. Third, Petitioner alleges ineffective assistance of counsel on direct appeal. Finally, Petitioner asserts that an evidentiary hearing is required to determine whether counsel was ineffective.

On July 23, 2008, the Magistrate Judge issued his R&R recommending that Petitioner's § 2255 Motion be denied on all four of Petitioner's grounds.[1] Petitioner filed his Objection on August 18, 2008.

**II. Discussion**

To establish a claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052 (1984). First, the petitioner must

---

[1] This Court will limit its discussion to Petitioner's Grounds Two and Four regarding ineffective assistance of counsel during the plea negotiation and the need for an evidentiary hearing as the Court accepts the Magistrate's recommendation on Petitioner's Grounds One and Three.

show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S. Ct. at 2064.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.  This test applies to ineffective assistance claims raised in the context of the plea process.  *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 396-70 (1985).

To establish the first element, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  Counsel's performance will only be considered unreasonable if the petitioner can establish that "particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" *Id.* at 1314 (quoting *Burger v. Kemp*, 483 U.S. 776, 795, 107 S. Ct. 3114, 3126 (1987)).

In claiming his attorney rendered ineffective assistance of counsel, Petitioner specifically alleges that Cannon failed to investigate his criminal background.  In *United States v. Pease*, counsel did not run a criminal records check on the defendant, and his investigation of his client's criminal history was limited to asking the defendant himself if he had prior convictions.  240 F.3d 938 (11th Cir. 2001).  The Eleventh Circuit held that it is not per se unreasonable for

an attorney to rely on a client's statement of his own criminal history, but whether reliance on a client's statement constitutes deficient performance depends on the facts of the case. *Id.* at 941-42.

Here, however, it is not known whether Petitioner made any statements to his attorney regarding prior felony convictions. In the R&R, the Magistrate noted that "whether Jones had previously confided his criminal history to his attorney is not shown in the record."[2] R&R 11. 28 U.S.C. § 2255 states that the court *shall* "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law," if the motions, files and record of the case do not conclusively show that the prisoner is entitled to no relief. "If the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Holmes v. United States*, 876 F.2d 1545, 1522 (11th Cir. 1989); *see also United States v. Yizar*, 956 F.2d 230, 234 (11th Cir. 1992) (district court must hold evidentiary hearing where court cannot state conclusively that the facts alleged by petitioner, taken as true, would present no ground for relief).

Although a court "is not required to hold an evidentiary hearing where the

---

[2] The Magistrate states in its R&R that "Petitioner does allege that he" made statements to his attorney about prior felony convictions. R&R 11. However, the Court believes this to be a typographical error in which the Magistrate intended to say "Petitioner does *not* allege," because the Court is unable to find such a reference in the record, motions or filings of the case.

petitioner's allegations are affirmatively contradicted by the record, or the claims are patently false," it is unknown whether such circumstances are present here. *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). Petitioner alleged that his attorney failed to investigate his criminal history, and the Magistrate could not determine conclusively whether Petitioner made statements to this attorney regarding his criminal past. Therefore, the Court finds that the Magistrate erred in failing to hold an evidentiary hearing to determine whether Cannon rendered ineffective assistance of counsel.

Even if the a petitioner satisfies the first part of the *Strickland* test, he is not entitled to relief unless he can prove that counsel's deficiency prejudiced him. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The standard for the second prong of the *Strickland* test in the context of a guilty plea requires that "the defendant must show that there is a reasonable probability that but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59,106 S. Ct. at 370.

In finding that Petitioner was not prejudiced, the Magistrate noted several times that there was nothing the Petitioner, nor his attorney, could have done to change his criminal status and criminal history. The Magistrate writes, "[i]n the face of Petitioner's prior criminal history, which no one could change, and the overwhelming evidence of his guilt in the preceding drug offense, Petitioner

Jones cannot show that the result of his case would have had any different result had his counsel done anything differently." R&R 12-13. The Magistrate confuses the prejudice standard as laid out in *Hill*. The proper question is whether the petitioner can show with reasonable probability that *the petitioner himself* "would have not pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59,106 S. Ct. at 370. Just because "there was nothing his counsel could have done to change [Petitioner's criminal history,]" it does not mean that there is not a reasonable probability that Petitioner would have chosen to plead not guilty and gone to trial. R&R 13.

In holding that Petitioner is not entitled to an evidentiary hearing, the Magistrate states that Petitioner's claims are not supported by the record and are without merit. However, at Petitioner's sentencing hearing, which is part of the record, Cannon stated, "When the PSI came back, it came back labeling [Petitioner] as a career offender, and [Petitioner] has stated to me that he did not understand that, that if he had known that, he would not have tendered the plea." Sentencing Hearing 4. This evidence suggests that there is a reasonable probability that Petitioner would have pleaded not guilty.

The record, files and motion do not conclusively show that Petitioner is entitled to no relief. Thus, the Court finds that the Magistrate erred in failing to hold an evidentiary hearing to determine whether the Petitioner was prejudiced due to his attorney's error.

8

**III. Conclusion**

For the foregoing reasons, the Court rejects in part and accepts in part the Magistrate Judge's recommendation to deny Petitioner's Motion to Vacate Under § 2255. The Court orders that the Magistrate hold an evidentiary hearing to determine whether Petitioner's attorney rendered ineffective assistance of counsel during his guilty plea and, if so, whether Petitioner was prejudiced by his attorney's deficiency.

**SO ORDERED**, this the 5th day of April, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dab