# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| NATHAN DEON JONES, | * |
| Petitioner, | * CASE NO. 6:08-CV-90004 HL |
| vs. | * 28 U.S.C. § 2255 |
| | * CASE NO. 6: 05-CR-00007 HL |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

## SUPPLEMENTAL REPORT AND RECOMMENDATION ON REMAND

On May 5, 2009, the District Court accepted the Report and Recommendation (Doc. 52) entered heretofore in this action, rejected the same in part, remanding Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, and ordered that an evidentiary hearing be held to determine whether Petitioner's attorney rendered ineffective assistance of counsel during his guilty plea and, if so, whether Petitioner was prejudiced by his attorney's deficiency." (Doc. 57 at 9).

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington,* 466 U.S. 668, 684-85, 104 S.Ct. 2052, 2063 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Strickland,* 466 U.S. at 687-88, 104 S. Ct. At 2064-65. The Court need not "address both components of the inquiry if the defendant makes an insufficient showing of one." *Id.* at 697, 104 S. Ct. at 2069. To meet the deficient performance prong of the Strickland test, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed

by the Sixth Amendment. *Id.* at 687, 104 S. Ct. At 2064. The *Strickland* two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. *See United States v. Pease,* 240 F.3d 938, 941 (11th Cir. 2001); *see also Hill v. Lockhart,* 474 U.S. 52, 60, 106 S. Ct. 366, 371(1985). In *Pease,* 240 F.3d at 941-42, the Eleventh Circuit Court of Appeals held that a defense attorney's failure to inform his client that he would be sentenced as a career offender, because counsel relied on his client's representations about his criminal history and did not conduct an independent investigation of his client's criminal records, did not necessarily constitute deficient performance under the first prong of *Strickland.* "[A] determination of whether reliance on a client's statement of his own criminal history constitutes deficient performance depends on the peculiar facts and circumstances of each case." *Id.* at 942.

In the present case, the District Judge remanded the Recommendation and ordered evidentiary hearing for the purpose of determining whether Petitioner can show that there is a reasonable probability that, but for his counsel's ineffectiveness in the plea process, he would not have pleaded guilty. (Doc. 57 at 8). The Court's remand order provided that counsel's statement at sentencing suggests that there is a reasonable probability that Petitioner would have pleaded not guilty. That statement was the following:

> When the PSI came back labeling Mr. Jones as a career offender, and Mr. Jones has stated to me that he did not understand that, that if he had known that, he would not have tendered the plea(.) (sic).

(Doc. 35 at 4). Unfortunately, the order omits the remainder of Counsel's sentence, which was, "and maybe to some degree feels like I didn't explain it adequately to him, which creates an issue for me." *Id.* The entire sentence suggests two things, to wit., that there was

2

a reasonable probability that Petitioner Jones would have pleaded not guilty if he had had a better understanding of the probability of his being classified as a career offender, and, secondly, that Petitioner and his counsel had discussed that probability of his being classified as a career offender. The issues before the court on remand, however, are whether Petitioner could show with reasonable probability that he would not have entered a guilty plea to any part of the indictment against him, whether his counsel rendered ineffective assistance in regard to the plea process, and, if so, whether Petitioner Jones suffered prejudice as a result.

First, in analyzing the constitutionality of a guilty plea, a reviewing court must determine that the plea represents "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985). Providing meaningful advice on the options available to a defendant obligates counsel "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. *Hill* modified the second part of the *Strickland* test in the context of a guilty plea; a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S. Ct. at 370. At the same time, the Supreme Court has determined that "the representations of the defendant [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431

3

U.S. 63, 73-74, 97 S. Ct. 1621, 1629 (1977). *See Jones v. White,* 992 F.2d 1548, 1556, 1557 (11th Cir. 1993).

In Ground Two [A] of his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, Jones summarizes his claim resulting in the inquiry here, as follows:

> Counsel, in this case, failed to advise Jones of the various types of enhancements which may apply under the statute as well as the guidelines. Counsel further failed to investigate and advise Jones that he qualified for enhancement under the guidelines. Counsel further erroneously advised Jones that he would be sentenced from 70-87 months.

(R-47 at 16, 17). At the evidentiary hearing, when Petitioner's Hearing Counsel exhibited to him the Pretrial Services Report, Government's Exhibit 2, which contained the original estimated sentence guideline range of 262 months to 327 months, Petitioner Jones denied ever having seen the document. (TR, R-68 at 56). His Counsel then asked Jones what went on at his first meeting with his Plea Attorney, Mr. Cannon, when they were discussing the discovery, to which Jones answered:

> ... when I got the discovery, he was just telling me that I was looking at - - what he said - - 262 months to 335 months ... as a matter of fact he said it was 5 to 40. He said I'm looking at 5 to 40 years. ... That was my range, 5 to 40. ... He said - - he gave me 5 to 40 and I saw a paper with 262 to 327 on it. I received a paper.

*Id.* at 57. Petitioner Jones was then asked by the Court, "You did see that paper?" Jones answered, "Yes, sir." *Id.* Petitioner Jones was then asked by his Hearing Counsel, "Did you discuss the possibility with Mr. Cannon about pleading to simple possession versus

4

possession with intent to distribute?" *Id*. at 59. Jones answered, "Yes," and then related that:

> Well, I told Mr. Cannon when - - he came to see me and I told him, I say, do you think you could get the government to change the plea from possession with intent to possession, simple possession, and this was before my plea hearing and he said, yeah, he think he could, he would talk to the judge - - I mean, the DA and the judge, and when I went to him that next morning, when I went to the plea hearing, I asked him about it, and he said, well, I talked to Mr. Dennard and I talked to the judge, and the judge told me - - this is what he told me - - he said the judge told me that I would not be able to do that unless - - the only way I could plead - - the only way I could get sentenced to possession - - the only way I could possibly be sentenced to possession if he - - if I went to a trial or a trial by judge or jury, and he couldn't do it. He told me he couldn't do it.

*Id*. at 59, 60. Counsel responded with the question, "So the plea offer from the government was to possession with intent or basically go to trial?" Petitioner Jones answered, "Or go to trial." *Id*. at 60. Counsel asked Jones, "At what point did you discuss your criminal history with Mr. Cannon?" Petitioner Jones answered:

> Me and Mr. Cannon never really, really went over my plea - - my criminal history. What happened, he found out - - he knew that - - he knew by me - - by my first appearance that I had previously been on federal probation, so he knew that I had already had a drug case, a prior case.

*Id*. at 62. Counsel asked if Mr. Cannon had attempted to calculate a sentencing guideline range for Petitioner Jones, to which he answered:

> Well, I really did that. I did that because I had - - well, he told me it was like, you know how many times you've been arrested - - you've been arrested, and I was, like, yeah, well, I went to state prison, because I had already been through it one time before,

> and I knew I had been to state prison when I was 16 for a charge, and I knew that at one time I had ...

*Id.* at 62, 63. Petitioner Jones was interrupted and asked if he had told Mr. Cannon about his prior convictions, to which he answered, "Yeah, I told him." *Id.* Jones was then asked by his Hearing Counsel, "At what point did Mr. Cannon tell you that you would be a career offender?" Jones answered, "He never told me that I was going to be a career offender," and that he found out that he was going to be a career offender when he got his PSI. *Id.* at 63.

It has become clear from Petitioner Jones' testimony at the evidentiary hearing, contrary to his contention in his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, that he and his plea attorney did discuss his criminal history and the discussion Petitioner describes sounds very much like a discussion of the expectation of career offender treatment.

On cross-examination Petitioner Jones testified that at his guilty plea hearing he recalled being placed under oath and that he had sworn to tell the truth that day; that he had told the Court that he had read and understood the plea agreement; that he acknowledged to the Court that the written plea agreement contained all promises between himself and the government and no other promises; that he was satisfied with his attorney, Mr. Cannon; that he had not been forced to plead guilty; that after hearing the charge against him read, he had no questions about it and understood the minimum and maximum sentence that he was facing; and that he could not rely on the estimate by anyone as to anything involving the guidelines; and that he knew that he had been put on notice by the Court that he could not

6

rely on anyone's estimate regarding the sentencing guidelines and that he would not be allowed to withdraw his plea if any estimate of the guideline sentence range was different from any estimated guideline range he had been given by anyone, including his attorney or the government. *Id*. at 72-75.

Petitioner Jones was asked what he had estimated by his calculation his guideline range to be, and Jones answered, "The 70 to 87 months." *Id*. at 78. He was then asked if his complaint presently was because his guideline range was more than he thought after consultation with his counsel, to which Jones answered:

> No, I'm complaining today because I feel like Mr. Cannon pushed me a little bit farther into taking this plea.

*Id*. at 80, 81. Mr. Dennard asked Jones if he had lied to the Court when he told the Court that nobody had forced or coerced him into taking the plea, and Petitioner Jones answered, "Yes, I did." *Id*. at 81. In fact, Petitioner Jones added, "I am admitting that I committed perjury and that I am admitting that, yes, I did that." *Id*. Petitioner Jones also testified that his goal in attempting to withdraw his guilty plea was to go back to trial and "try to get the lesser - - found guilty of the lesser charge and not guilty of possession [with intent] ... to get a lesser sentence." *Id*. at 84.

Petitioner was on notice from the clear terms of the Plea Agreement that his statutory range of sentence was 5 to 40 years, as he acknowledged at his guilty plea hearing on August 31, 2005. (TR, R-42 at 3). Nonetheless, he entered his guilty plea. As held by the Court of Appeals for the Eleventh Circuit heretofore, "[T]he defendant remains the master of his case,

7

particularly with respect to the entry of a guilty plea." *Stano v. Dugger,* 921 F.2d 1125, 1146 (11th Cir. 1991). His sentence of 235 months was within the statutory sentence range as well as the sentencing guideline range.

As for the testimony of Attorney Cannon, he neither helped nor hurt Petitioner Jones, as he could muster no independent recollection of anything he did or did not do in this case at the hearing held on April 27, 2010. (TR, R-68 at 5- 45).

The evidence produced at hearing by Petitioner to demonstrate that there was a reasonable probability that, but for counsel's errors, he would have pleaded not guilty, is no more than his mere assertion that that was the case. Petitioner Jones has failed to demonstrate by competent evidence either that his counsel was deficient or that he actually suffered any prejudice by his counsel's conduct. Moreover, Jones' admissions that he lied to the Court and misled the Court both in his Plea Agreement and at his guilty plea hearing, render his testimony less than credible, when considered along with the manner in which he testified in apparent contradiction of his previously sworn statements to the Court. Petitioner's testimony is found not to be credible.

Furthermore, Petitioner Jones has failed to overcome the strong presumption of verity in the representations he made during the change of plea proceedings, as well as his assurances to the Court during plea colloquy and the findings made by the judge accepting the plea. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1629 (1977); *Jones v. White,* 992

F.2d 1548, 1556, 1557 (11th Cir. 1993).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 10th day of June 2010.

**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**